IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-02837-CMA
(Criminal Action No. 17-cr-00122-CMA-1)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL ANDREW LEE,

    Defendant/Movant.

---

### ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Defendant Paul Andrew Lee's "Motion to Reconsider 28§2255/183583(e)(2)." (Doc # 52.) For the following reasons, the Motion to is denied.

### I.    BACKGROUND

Mr. Lee was convicted, pursuant to his guilty plea, of one count of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2). (Docs. ## 27, 30-31.) On October 23, 2017, he was sentenced to 120-months of imprisonment, to be followed by a five-year term of supervised release. (Doc. # 31.) Judgment was entered on October 24, 2017. (*Id*.) He did not file a direct appeal with the Tenth Circuit. *See generally* (docket.)

On October 27, 2022, Mr. Lee filed, *pro se*, a "Motion to Vacate or Set Aside a

Sentence Declaring Supervised Release Unconstitutional Pursuant to Judgement Under 28 § 2255 / 18 § 3583(e)(2)" ("October 2022 Motion"). (Doc. # 48.) In this motion, Mr. Lee challenged the constitutionality of "the current scheme of supervised release." (*Id.* at 1.) Mr. Lee noted that defendants who violate the terms of their supervised release are potentially subject to additional prison time as well as additional periods of supervised release. (*Id.* at 2.) Mr. Lee argued that this means the system of supervised release violates the Fifth Amendment to the United States Constitution's prohibition on double jeopardy because it potentially exposes defendants to "an unlimited number of prosecutions originating from the initial offense." (*Id.*)

The Court construed Mr. Lee's October 2022 Motion liberally because he filed *pro se*. (Doc. # 49 at 1.) However, the Court noted it would not act as a *pro se* litigant's advocate. (*Id.*) In so doing, the Court construed Mr. Lee's October 2022 Motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*Id.* at 1-2.) The Court then denied the motion as time-barred pursuant to 28 U.S.C. § 2255(f). (*Id.* at 4.)

Mr. Lee now moves for reconsideration of the Court's denial of his October 2022 Motion. (Doc # 52.) Mr. Lee argues his October 2022 Motion was actually a motion to modify the conditions of, or revoke his supervised release as permitted under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c). (*Id.* at 1-2.)

II.     **LEGAL STANDARDS**

A.     **STANDARD FOR RECONSIDERATION**

A litigant subject to an adverse judgment who seeks reconsideration by the

district court may file a motion "to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *Artificial Nail Techs., Inc. v. Flowering Scents, LLC*, No. 2:06CV609DAK, 2007 WL 3254744, at *2 (D. Utah Nov. 2, 2007); *see also Vreeland v. Huss*, No. 1:18-CV-00303-PAB-SKC, 2020 WL 3447768, at *2 (D. Colo. June 24, 2020) (quoting *Artificial Nail Techs.*). Motions for reconsideration are generally appropriate only when there is: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**B.     PRO SE STANDARD OF REVIEW**

Because Defendant is proceeding *pro se*, the Court "review[s their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III.   DISCUSSION

Mr. Lee has failed to demonstrate reconsideration is appropriate. Mr. Lee has not identified any intervening change in controlling law or new, previously unavailable evidence related to his October 2022 Motion. Further, Mr. Lee has not demonstrated the Court's denial of his October 2022 Motion was clearly erroneous or resulted in manifest injustice.

"It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). Mr. Lee's October 2022 Motion was properly construed as a motion under 28 U.S.C. § 2255 for two reasons.

### A.   LANGUAGE AND SCOPE OF §§ 2255 AND 3583(e)

First, the plain language of both §§ 2255 and 3583(e)(2) indicate a challenge to the constitutionality of a sentence is properly brought under § 2255. *Wichita Ctr. for Graduate Med. Educ., Inc. v. United States*, 917 F.3d 1221, 1224 (10th Cir. 2019) ("[W]e start with the plain meaning of the text."). Section 2255(a) reads

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed **in violation of the Constitution** or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added).  On the other hand, 18 U.S.C. § 3583(e)(2) permits a court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after "considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),

4

(a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The illegality or unconstitutionality of a condition of supervised release is not a listed factor for consideration of modification or reduction. 18 U.S.C. §§ 3553 and 3583; *see also United States v. Lussier*, 104 F.3d 32, 36 (2d. Cir. 1997).

The United States Court of Appeals for the Tenth Circuit has not yet issued a precedential opinion squarely ruling on the proper scope of a § 3583(e) motion. *United States v. Nielsen*, No. 21-8087, 2022 WL 3226309 at *5 n.6 (10th Cir. Aug. 10, 2022). However, the Tenth Circuit has cited favorably to *Lussier*, 104 F.3d at 36, which held that "any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a habeas petition [under § 2255]." *See United States v. Begay*, 631 F.3d 1168, 1173 (10th Cir. 2011). Although Mr. Lee's October 2022 Motion challenges the constitutionality of supervised release generally, not just an individual condition imposed on Mr. Lee, the same rationale applies. Therefore, after thoroughly reviewing Mr. Lee's arguments and the Court's November 2, 2022, Order (Doc. # 49), the Court sees no manifest errors of law in construing Mr. Lee's October 2022 Motion as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

**B.    SUBSTANCE OF MR. LEE'S OCTOBER 2022 MOTION**

Second, despite Mr. Lee's assertions that the authorities for his October 2022 Motion are 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c), the substance of the motion is inconsistent with a request for modification of conditions of supervised release. As discussed above, § 3583(e)(2) permits a court to modify conditions of

supervised release at any time before the term of supervised release ends. 18 U.S.C. § 3583(e)(2). However, such modification requires the Court to consider many of the same factors that it considers in originally imposing a sentence. 18 U.S.C. § 3583(e) (cross-referencing several provisions of § 3553 which delineates "[f]actors to be considered in imposing a sentence."). These factors are:

- "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);
- the need for the sentence imposed "to afford adequate deterrence to criminal conduct," *id*. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id*. § 3553(a)(2)(D);
- the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, *id*. § 3553(a)(4);
- "any pertinent policy statement issued by the Sentencing Commission," *id*. § 3553(a)(5); and
- "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." *Id*. § 3553(a)(6).

Mr. Lee's October 2022 Motion does not discuss any of these factors. Therefore, the

Court disagrees with Mr. Lee's averments that his October 2022 Motion was a § 3583(e)(2) motion for modification or revocation of his supervised release.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Paul Andrew Lee's "Motion to Reconsider 28§2255/183583(e)(2)" (Doc. # 52) is DENIED. The Court notes the prior Order Denying 28 U.S.C. § 2255 (Doc. # 49) did not address whether to issue a certificate of appealability. *See* (Doc. # 55 at 2.) The Court will issue an amended order denying a certificate of appealability.

DATED:  December 5, 2022

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge