**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 22-cv-02837-CMA
(Criminal Action No. 17-cr-00122-CMA-1)

UNITED STATES OF AMERICA,

     Plaintiff,

v.

PAUL ANDREW LEE,

     Defendant/Movant.

---

## AMENDED[1] ORDER DENYING 28 U.S.C. § 2255 MOTION

---

On October 27, 2022, Movant Paul Andrew Lee filed, *pro se*, a "Motion to Vacate
or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to
Judgement Under 28 § 2255 / 18 § 3583(e)(2)" ("§ 2255 motion") (ECF No. 48),
challenging the validity of his sentence in this criminal action. The Court construes Mr.
Lee's motion liberally because he is not represented by counsel. *See Haines v. Kerner*,
404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at
1110. For the reasons discussed below, Mr. Lee's § 2255 motion will be denied as
untimely.

---

[1] This Order amends the Court's order of November 2, 2022, as follows:
- Adds Section III, discussing certificates of appealability; and
- Modifies the Court's orders to indicate that a certificate of appealability will not be
  issued.

1

## I. Procedural History

Mr. Lee was convicted, pursuant to his guilty plea, of one count of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2). (ECF Nos. 27, 30 & 31). On October 23, 2017, he was sentenced to 120-months of imprisonment, to be followed by a five-year term of supervised release. (*Id.*). Judgment was entered on October 24, 2017. (ECF No. 31). He did not file a direct appeal with the Tenth Circuit. (*See* docket).

On October 27, 2022, Mr. Lee filed a § 2255 motion asserting that his sentence of supervised release should be vacated as it violates double jeopardy. (ECF No. 48).

## II. Timeliness

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Lee's motion is not timely under § 2255(f)(1). In this case, the one-year limitation period ran from the date on which Defendant's conviction became final. Because Defendant did not file a direct appeal, the judgment of conviction became final on November 7, 2017, fourteen days after the judgment was entered. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment). The one-year limitation period expired on November 7, 2018. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)). However, Defendant did not file a § 2255 motion until October 27, 2022, after the limitation period expired.

The statutory limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if the Mr. Lee can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Grealish*, No. 13-4182, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)). Mr. Lee must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted). Mr. Lee bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also U.S. v. Garcia-Rodriguez*, No. 07-8077, 275 F. App'x 782, 784 (10th Cir. April 28, 2008) (unpublished opinion) (relying on *Yang* for conclusion that the movant in a § 2255

motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

Mr. Lee fails to demonstrate either extraordinary circumstances or due diligence in pursuing his claims. He sets forth no argument to justify his failure to file the instant action in a timely manner. The Court finds and concludes that equitable tolling is not appropriate in this action and that on the face of the Motion, it is time-barred under 28 U.S.C. § 2255(f). *See Kilgore v. Estep*, 519 F.3d 1084, 1089 (10th Cir. 2008).

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Defendant has not made a substantial showing of the denial of a constitutional right.

Accordingly, it is ORDERED that the "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to Judgement Under 28 § 2255 / 18 § 3583(e)(2)" (ECF No. 48) is DENIED as time-barred. It is

FURTHER ORDERED that no certificate of appealability will issue because

5

Defendant has not made a substantial showing of the denial of a constitutional right.

DATED: December 5, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge