IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-02837-CMA
(Criminal Action No. 17-cr-00122-CMA-1)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL ANDREW LEE,

    Defendant/Movant.

## ORDER

This matter is before the Court on Defendant Paul Andrew Lee's "Motion to Modify or Terminate Supervised Release Conditions as Unconstitutional" (Doc. # 56), and "Motion Requesting Leave of Court for Application for Filing Informa [sic] Pauperis" (Doc. # 59). For the following reasons, the Motions are denied.

### I.    BACKGROUND

The Court incorporates its previous recitation of the background of this case as stated in its Order Denying Mr. Lee's "Motion to Reconsider 28§2255/183583(e)(2)" ("Second Motion"). (Doc. # 52 at 1-2.) On November 28, 2022, Mr. Lee filed the instant "Motion to Modify or Terminate Supervised Release Conditions As Unconstitutional As Applied Pursuant To 18§3583(e)(2) AND Fed.R.Crim.P.32.1(c)" ("Third Motion"). (Doc. # 56.) On December 19, 2022, Mr. Lee filed a "Motion Requesting Leave of Court for

Application for Filing Informa [sic] Pauperis" ("Fourth Motion") in which he requests (1) an application so that he may apply for leave to appeal without prepaying fees or costs, and (2) a certificate of appealability. (Doc. # 59.) The Court understands these two requests to relate to Mr. Lee's Notice of Appeal (Doc. # 51) of this Court's Amended Order (Doc. # 58) denying his "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to Judgement Under 28 § 2255 / 18 § 3583(e)(2)" ("First Motion") (Doc. # 48).

## II.     LEGAL STANDARDS

### A.    MODIFICATION OF SUPERVISED RELEASE

18 U.S.C. § 3583(e)(2) permits a court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after "considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The illegality or unconstitutionality of a condition of supervised release is not a listed factor for consideration of modification or reduction. 18 U.S.C. §§ 3553 and 3583; *see also United States v. Lussier*, 104 F.3d 32, 36 (2d. Cir. 1997).

The United States Court of Appeals for the Tenth Circuit has not yet issued a precedential opinion squarely ruling on the proper scope of a § 3583(e) motion. *United States v. Nielsen*, No. 21-8087, 2022 WL 3226309 at *5 n.6 (10th Cir. Aug. 10, 2022). However, the Tenth Circuit has cited favorably to *Lussier*, 104 F.3d at 36, which held that "any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a habeas petition [under § 2255]." *See United States v. Begay*, 631

F.3d 1168, 1173 (10th Cir. 2011).

B.   PRO SE STANDARD OF REVIEW

Because Defendant is proceeding *pro se*, the Court "review[s their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III.   DISCUSSION

A.   THIRD MOTION

Although Mr. Lee has titled his Third Motion differently, it contains substantially the same arguments as his First Motion (Doc. # 48), and his Second Motion (Doc. # 52). For the reasons stated in the Court's December 5, 2022 Amended Order Denying Mr. Lee's First Motion, and the Court's December 5, 2022 Order Denying Mr. Lee's Second Motion, incorporated herein, the Court deems Mr. Lee's Third Motion to also be a motion under 28 U.S.C. § 2255. As the Court previously explained, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

As such, Mr. Lee's Third Motion, like his First Motion, is time barred. (Doc. # 58

at 3); 28 U.S.C. § 2255(f); see *Kilgore v. Estep*, 519 F.3d 1084, 1089 (10th Cir. 2008). Further, as with his First Motion, Mr. Lee's Third Motion fails to demonstrate either extraordinary circumstances or due diligence in pursuing his claims. (Doc. # 58 at 3-4); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see also *United States v. Garcia-Rodriguez*, No. 07-8077, 275 F. App'x 782, 784 (10th Cir. April 28, 2008) (relying on *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence). Thus, Mr. Lee's Third Motion is not entitled to equitable tolling.

**B.      FOURTH MOTION**

As an initial matter, the Court notes that the Amended Order (Doc. # 58) denying Mr. Lee's First Motion (Doc. # 48) declined to issue a certificate of appealability. (Doc. # 58 at 4-5.) Thus, Mr. Lee's instant request for a certificate of appealability as it relates to his appeal of that Order is moot.

The Court next turns to Mr. Lee's request for an application so that he may apply for leave to appeal without prepaying fees or costs. (Doc. # 56 at 1.) The Court finds that such relief is not warranted. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if it is not taken in good faith. Mr. Lee appeals from the Court's Order denying his First Motion. (Doc. # 51.) The Court construed Mr. Lee's First Motion liberally and found it is a time-barred motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 58 at 2-4); see also (Doc. # 57 at 2.) The Court also denied Mr. Lee's Second Motion which requested reconsideration of that denial. *See*

4

*generally* (Doc. # 57.) Further, finding it not reasonably debatable that a constitutional violation occurred, the Court denied Mr. Lee a certificate of appealability as it related to his First Motion. (*See* Doc. # 58 at 4-5 (citing *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)). As discussed below, the Court will also decline to issue a certificate of appealability as it relates to Mr. Lee's Third Motion.

In sum, the Court has now thrice considered Mr. Lee's requests to consider the constitutionality of supervised release—and has thrice found that Mr. Lee is not statutorily eligible to bring his claims. The Court has also twice determined that Mr. Lee has not made a substantial showing of the denial of a constitutional right. Therefore, the Court finds that Mr. Lee's appeal is not taken in good faith, and it will deny his request for an application to file *in forma pauperis* on that basis pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. 24.

## IV.    CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability as to

Mr. Lee's Third Motion in this case because Mr. Lee has not made a substantial showing of the denial of a constitutional right.

## V. CONCLUSION

Accordingly, it is ORDERED that the "Motion Requesting Leave of Court for Application for Filing Informa [sic] Pauperis" (Doc. # 59) is DENIED. Specifically,

- Mr. Lee's request for a certificate of appealability as it relates to this Court's Amended Order (Doc. # 58) denying his "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to Judgement Under 28 § 2255 / 18 § 3583(e)(2)" (Doc. # 48) is DENIED AS MOOT;
- Mr. Lee's request for an application so that he may apply for leave to appeal without prepaying fees or costs is DENIED. It is

FURTHER ORDERED that the "Motion to Modify or Terminate Supervised Release Conditions as Unconstitutional" (Doc. # 56) is DENIED as a time-barred motion under 28 U.S.C. § 2255. It is

FURTHER ORDERED that no certificate of appealability will issue as it relates to Mr. Lee's "Motion to Modify or Terminate Supervised Release Conditions as Unconstitutional" (Doc. # 56), because Mr. Lee has not made a substantial showing of the denial of a constitutional right.

DATED: January 18, 2023.

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge